LOS ANGELES, CALIFORNIA, on MONDAY, SEPTEMBER 27, 2004

10:00 A.M.

THE CLERK: Item number 4, CV 03-2873 MMM, Sophia Stewart versus Andy Wachowski.

Counsel, your appearances, please?

MR. ISAACS: I'm Bruce Isaacs and I'm here with David Boren, we represent the Warner Brother defendants, Fox, Cameron, Hurd.

MR. BOREN: Good morning, your Honor.

MR. BROWN: Gary Brown, one of the counsel for the plaintiff Sophia Stewart.

MR. WEBB: Good morning, your Honor. Dean Browning Webb on behalf of plaintiff.

THE COURT: Good morning, counsel.

We have this matter on calendar for a hearing on various motions that have been brought by the defendants and for a scheduling conference as well.

The Court has prepared tentative rulings with regard to the various motions.

Mr. Isaacs, do you want to be heard?

MR. ISAACS: Yes, your Honor. I read your tentative rulings. I am not here to quarrel with them. I understand what they say.

There is like maybe two points in the RICO one I want to raise just honestly to get some direction about

where we are going.

As I understood your ruling and the anti-counterfeiting act that came into being one month after Smith versus Jackson was decided by the Ninth Circuit, but I want to focus in on your footnote 28.

Because what I understand the Court is saying is my understanding of what they are going to have to do is they are going to have to allege facts to show indictable conduct of criminal copyright infringement that took place after July 2nd, 1996 in order to be able to state a claim.

And I think it would be worthwhile, if I'm reading it correctly, then at least the parties will know where they are going.

The sort of subsidiary issue under that is it's not 100 percent clear to me whether, since criminal copyright infringement can now constitute predicate act under RICO pursuant to the anti-counterfeiting statute, it's not clear to me whether they will have to come forward with indictable conduct which relates to our transaction or other transactions.

THE COURT: I don't understand that last comment.

MR. ISAACS: I'm not so sure I understand it either in posing the question.

Here is my concern. If all they have to do is come forward and say there is some conduct that took place

Scanned with CamScanner

after July 2nd, 1996 and this is really copyright infringement but it's really really bad copyright infringement, it's egregious copyright infringement and therefore the RICO claim lies, then all of a sudden every single garden variety copyright infringement claim will be transmuted into a RICO claim and I can't believe that is the policy of the law.

THE COURT: Tell me why that is not what the statute says.

I mean, it makes criminal copyright infringement a predicate act and we know from a long list of continuing cases that there doesn't have to be an indictment and there doesn't have to be a conviction in order for someone to plead a predicate act in a civil case.

MR. ISAACS: Correct.

My understanding of the law is there certainly doesn't have to be a conviction.

I'm not so sure there has to be an indictment, but there has to be indictable conduct.

THE COURT: That's great, Mr. Isaacs. But we are at the pleading stage here and, I mean, it's something that I need to talk to the defendants about when we get to the scheduling conference part of this hearing.

I understand that you all think that these claims have no merit, maybe beyond have no merit. But we can't

Scanned with CamScanner

operate on that assumption when we are looking at the pleadings and when we're seeing whether or not the claim can go forward.

MR. ISAACS: Completely understood.

THE COURT: It's a question of what a plaintiff has to plead.

I think it's also pretty clear that with the exception of fraudulent type activities which are subject to 9(b) which the Court has found this is, there is no other heightened pleading standard that applies to RICO claims.

MR. ISAACS: I understand.

THE COURT: So if this plaintiff can satisfy 9(b), which I think, you know, remains to be seen, then the action can go forward.

If she can't, then the action won't, at least the RICO part of the action won't.

MR. ISAACS: I'm done with that.

The next motion on the statute of limitations and laches --

THE COURT: Let me just be clear with regard to the issue you raised about post July 2nd, 1996 conduct.

I don't know that that is something that has to be pled, but I do think it's something that will have to be proved.

MR. ISAACS: If I may, one of the points that I

Scanned with CamScanner

think is made in all of your orders is because a lot of their allegations in their pleadings are not clear as to time and the Court has to make certain determinations, I think it would be helpful --

THE COURT: I'm sure it would be helpful, but I don't think there is any rule that they have to.

I mean, if they want to expend money on a case where they know, if they do know, that there is going to be a time bar or that they are not going to be able to sustain RICO allegations, I can't stop them from doing that under 12(b)(6) and 8(a) and the applicable pleading rules.

MR. ISAACS: Last comment on statute of limitations and the laches motion.

I understand the Court's ruling that it's crucial to know when she knew or when she should have known. And my only question is, why isn't it fair for us to come forward at this time and say anybody has to know about Terminator. The Terminator that was released in 1984. And it's just not reasonable for somebody to come forward and say, 19 years later, that I didn't know about it.

THE COURT: I really don't think that the date of release of a motion picture, even a major motion picture, is something that the Court can judicially notice.

The Court didn't know when Terminator was released. The Court has never seen Terminator I, II or III.

DAVID SALYER, U.S. COURT REPORTER

Scanned with CamScanner

The Court has never seen any of the Matrix movies.

So, you know, I imagine there are a few other people in the world like me who are in that same sort of unknowing state.

I don't know that this plaintiff is one of them, but I can't do that on a 12(b)(6) motion.

I may well have a great statute of limitations defense or a great laches defense. I think you will have to develop it through discovery and present it in a summary judgment motion.

MR. ISAACS: Which is exactly what we will do.

THE COURT: And let's just talk about that since you have segued into it.

Don't file a summary judgment motion, you know, this week or next week or even in the next month because I'm just going to have to deny it and give them an opportunity to conduct discovery.

You know, set it up so that when it comes forward we can rule on it and we don't have to have 56(f) issues and we don't have failure of the defendants to provide discovery issues and so forth and so on, because it will just be a waste of everybody's time.

MR. ISAACS: Understood.

I will say that, for example, since there are many different defendants, there is a global summary judgment

Scanned with CamScanner

that is coming and then there is also pinpointed summary judgments that are coming.

For example, we have a pinpointed one coming with respect to Fox where we have written them letters saying this is the direction we are moving in. If you want to take discovery in this area, let us know. And I'm not sure what I can do beyond that.

THE COURT: Well, you have to give them a reasonable time to take that discovery and I don't think it is reasonable to assume that they would have been conducting that discovery before these motions were heard and maybe before the next round of motions is heard, which I imagine will be coming too.

So I understand the perspective of the defendants on the case. It sort of leaps off the page as you read the papers, but I think it is most prudent for the defendants to marshal their resources, give the plaintiffs enough time to do whatever she has to do in terms of taking discovery and then let's bring the issues back.

MR. ISAACS: Thank you.

Apologies for so much time. Thank you.

THE COURT: Presuming that the plaintiffs -- well, let me ask.

Mr. Brown, Mr. Webb, do either of you need to be heard on any of the tentative rulings?

Scanned with CamScanner