**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SOPHIA STEWART, | ) |
| Plaintiff, | ) Case No.: 2:18-cv-02351-GMN-EJY |
| vs. | ) **ORDER** |
| JAMES CAMERON, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 24), filed by Defendants Paramount Pictures Corporation, Warner Bros. Entertainment Inc., Twentieth Century Fox Film Corporation, Gale Anne Hurd, Lilly Wachowski, Lana Wachowski, James Cameron, Lightstorm Entertainment, Inc., Skydance Media, LLC, David Ellison, and Tencent Pictures (USA) LLC (collectively "Defendants"). *Pro se* Plaintiff Sophia Stewart ("Plaintiff") has failed to file a response, and the deadline to do so has passed.[1]

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). The Ninth Circuit has held that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see also, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930, at *1 (D. Nev. June 13, 2002).

Prior to dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need

---

[1] Plaintiff filed two Motions for Default Judgment, (ECF Nos. 14, 28), arguing that Defendants did not timely file an answer or motion to dismiss. Pursuant to the Court's prior Order, Defendants had until March 5, 2019, to file a responsive pleading to the complaint. (Order, ECF No. 12). Defendants timely filed the instant Motion to Dismiss on March 5, 2019. Accordingly, Plaintiff's Motions for Default are denied.

to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Upon review of the record, the Court finds that the five factors favor dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07–cv–01541–RCJ–RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Third, Plaintiff's failure to address Defendants' Motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). Fourth, the Court has weighed less drastic actions and finds that, given Plaintiff's lack of participation in this case, any action short of dismissal would be ineffective. Lastly, based on Plaintiff's failure to participate, the Court finds resolution on the merits unlikely in this action. The Court therefore concludes that the five factors discussed above weigh in favor of dismissal.[2]

**I.    CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 24), is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Default Judgment, (ECF Nos. 14, 28), are **DENIED**.

/ / /

/ / /

---

[2] Also before the Court is Defendants' Motion to Declare Plaintiff a Vexatious Litigant. (ECF No. 46). Although the Court agrees that Plaintiff has engaged in improper conduct throughout her litigation, the Court finds that Plaintiff's conduct is not sufficiently pervasive to warrant a vexatious designation at this time. Accordingly, the Court denies Defendants' Motion. The Court cautions Plaintiff, however, that continued harassing or frivolous behavior may result in vexatious status in the future.

**IT IS FURTHER ORDERED** that Defendants' Motion to Declare Plaintiff a Vexatious Litigant, (ECF No. 46), is **DENIED**.

The Clerk of Court is instructed to close the case.

**DATED** this __20__ day of August, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court